TtjRLEy, J.
delivered the opinion of the court.
This is an indictment against the prisoner for having committed perjury, upon his examination, as to his competency to sit as a juror in a criminal case, in swearing, that he had not formed or expressed an opinion as to the guilt or innocence of the accused. And the question is, whether the allegation of the perjury is legally laid in the bill of indictment.
Bills of indictment for questions of this character, being new *253 to our law, are very difficult of proper formation, and exceedingly perplexing to the court.
We have had but one case of the character before us, in which we attempted, with particularity to describe what the bill should specify and aver. And we feel satisfied that the Attorney General in drawing the bill in the case under consideration, drew it with a view to what is required by that case: and yet, we feel ourselves constrained to say, that the substance of these requisites is not contained therein.
The case referred to is, that of The State vs. Wall, 9 Yerg. 347. From an examination of that case, it will be found that the bill of indictment contained three counts: and, that they in substance, charge, that the prisoner was offered as a juror, and that it became necessary and material to ascertain, whether he had formed or expressed an opinion as to the guilt or innocence of the prisoner on trial; and that being duly sworn, he falsely swore, that he had not formed, or expressed an opinion as to the guilt or innocence of the prisoner, when in point of fact, he had both formed and expressed an opinion, and that he swore falsely in that respect.
This indictment was quashed; and upon appeal to this court, the judgment of the Circuit Court was affirmed.
The judge who delivered the opinion of the court, says: “But the bill of indictment does not alledge, that an issue or question of competency and qualification, as to the jurors called generally, or as to the particular juror offered, was submitted by the parties, or by either party to the court. There is no allegation, that the oath was administered by the court, because of any challenge or objection by the State, or the prisoner on trial, to the competency of the juror. We think that the indictment should show, that an issue, or question of competency and qualification generally, or of the juror in particular, who was sworn on his voir dire, was submitted by the parties to the court.”
Now, it can scarcely be necessary for us to observe, that the principles of this decision, as applicable to such cases, will not us, be enlarged by analogy or construction.
Let us see whether the bill of indictment sought to be sus- *254 tainecl in the case, now under consideration, has escaped from the defects of that in The State vs. Wall.
What are the allegations in the present indictment? There is an attempt to meet the two categories of the opinion in the case of The State vs. Wall.
1st. That the indictment should show, that an issue or question of competency and qualification of the jury generally: or,
2d. Of the juror in particular, who was sworn on his voir dire, was submitted by the parties to the court.
The present bill of indictment shows no such thing. It charges, that the question as to competency and qualification of the jurors summoned, was submitted to the court, and was determined by the court, but does not state how it was submitted. It further charges, that the prisoner, W. Moffatt, being duly summoned as a juror, was then and there presented and offered as a juror, when it became a material question before the court, as to the competency of Moffatt as a juror, whether he had formed or expressed an opinion as to the guilt or innocence of the prisoner he was summoned to try; and upon his oath taken, said lie had not, upon which he was accepted as a juror, and concludes by the averment, that at the time he was so summoned and examined, he well knew, that he had both formed and expressed an opinion contrary to his oath.
This is the substance of the bill of indictment fairly extracted. Well, does it meet What is required in the case of The State vs. Wall? By no manner of means.
That case shows, that it became necessary and material to ascertain whether the juror had formed or expressed an opinion, as to the guilt or innocence of the person he was called to try. But the court said, that was not sufficient; but that the indictment should show, that an issue or question of competency or qualification, had been submitted by the parties to the court.
Now, if there be no such question submitted, the court has no right to try it. And yet it may be very important and material to the correct trial of the case. But not having been submitted by the parties, it is not an issue before the court, and no peijury can be committed in connection with it.
But furthermore, there is no'direct averment that the factum *255 of the jurors not having formed and expressed an opinion, was untrue, but a mere allegation, that he well knew, that he had formed and expressed an opinion. This, we think, is not good.
The indictment, in the case of The State vs. Wall, is more perfect in this particular; it charges, that the juror swore that hé had not formed or expressed an opinion as to the guilt or innocence of the prisoner, when in fact he had both formed and expressed an opinion, and that he swore falsely in that respect.
In order not to be misunderstood, we say, further, that when we assert, “that the indictment should show, that an issue or question of competency and qualification, either of the jury generally, or of the juror in particular, who was sworn on his voir dire, was submitted by the parties to the court,” we mean, that the objection must be either expressly or tacitly to the whole of the jurors presented, whereby they are examined individually without special objection in every instance; or that a particular juror who is examined, must be so examined upon special objection to him individually, either on the part of the State or prisoner.
For these reasons the judgment of the Circuit Court will be affirmed.